BUELL v. KANAWHA LUMBER CORPORATION.

Appeal of ELIZABETH LAND & LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit.   February 27, 1911.)

No. 982.

JUDICIAL SALES (§ 27*)—COMPLIANCE WITH BID—DEFECTIVE TITLE.

A purchaser at a judicial sale should not be compelled to comply with his bid, where he was given reasonable time to investigate the title, where the prevailing practice recognized his right to show defects in the title, and where it appears that there were defects in some of the titles to the lands sold.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 97–99, 101–103;  Dec. Dig. § 27.*]

Appeal from the Circuit Court of the United States for the District of South Carolina, at Charleston.

Action by one Buell against the Kanawha Lumber Corporation. From a decree adjudging insufficient its return to a rule to show cause why a sale should not be complied with, the Elizabeth Land & Lumber Company appeals.   Modified and remanded.

M. C. Woods and John N. Sebrell, Jr., for appellant.

F. L. Willcox (Willcox & Willcox, on the brief), for appellee.

Before GOFF, Circuit Judge, and DAYTON and CONNOR, District Judges.

PER CURIAM.   We conclude that there was error in the decree complained of, in adjudging as not sufficient the return of the appellant to the rule to show cause why the sale involved in this proceeding should not be complied with.   It is quite apparent that there were defects in some of the titles to the lands sold, and as the purchaser had been given reasonable time to investigate said titles, and as the practice under the procedure in the district of South Carolina recognizes the right of a purchaser to show defects in title, and, if shown, to be excused from complying with the purchase, we think the appellant should not have been decreed to comply with its bid.   It follows that the order of the court forfeiting the sum of $5,000, which had been deposited by appellant in order to authorize it to bid at the sale referred to, should be set aside.

We think the decree complained of should be modified in that respect.   As a matter of course, said decree in all other of its provisions will stand confirmed.   Remanded, with directions to proceed as herein indicated.

Modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes